IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

        Plaintiff,                     No. CIV S-07-0352 MCE EFB P

    vs.

SCOTT KERNAN, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a prisoner proceeding without counsel and *in forma pauperis* in an action against state prison officials brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). On February 8, 2008, the court dismissed plaintiff's initial complaint with leave to amend. Plaintiff has filed a first amended complaint.

        The court has reviewed the first amended complaint pursuant to 28 U.S.C. § 1915A and, for the following reasons, finds it fails to state a claim for relief.

        In the amended complaint, plaintiff challenges the prison regulation requiring that any packages they receive be sent "via departmentally-approved vendors." *See* Cal. Code Regs. tit. 15, § 3138(d)(1). He alleges that this is a change from the historical practice of permitting family and friends to purchase items from the vendors of their choice and mail a package

1

themselves. Plaintiff claims that the regulation violates various provisions of federal and state law, i.e., the Racketeer Influenced and Corrupt Organizations Act ("RICO"), *see* 18 U.S.C. 1962(c), and the Cartwright Act, *see* Cal. Bus. & Prof. Code, §§ 16720, *et. seq*. He also alleges that the promulgation of this regulation was in violation of California's Administrative Procedures Act. *See* Cal. Gov't Code §§ 11340, *et seq*. Finally, he claims that he has suffered retaliation for having filed grievances about this regulation and that the regulation has resulted in the violation of his Eighth Amendment rights. *See* 42 U.S.C. § 1983. The court addresses each claim in turn.

The court begins with plaintiff's purported federal claims. A person may seek civil remedies for a RICO violation if he has suffered an injury to his business or property as a result of the violation. 18 U.S.C. § 1964(c).[1] Any person seeking such remedies must plead all elements of the alleged violation of 18 U.S.C. § 1962 in order to state a claim under § 1964(c). *Sedima, S.P.R.L. v. Imrex, Co.,* 473 U.S. 479, 496 (1985). Thus, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima*, 473 U.S. at 496. The injury requirement of § 1964(c) is what confers standing to sue on an individual plaintiff. *Id.* (a "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation."). Here, plaintiff bitterly complains that state budget cuts do not justify the regulation, the vendors engage in extortion, and that the regulation is generally unfair to prisoners and to their families and friends. Nowhere does he allege facts even remotely suggesting a pattern of racketeering, i.e., some fraudulent, extortionate or otherwise illegal conduct. *See* 18 U.S.C.A. § 1961(1)

---

[1] "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final." 18 U.S.C. § 1964(c).

(defining "racketeering activity"). Furthermore, he does not allege that he has suffered any injury to his business or property. There is no allegation that plaintiff has an interest in any business. Although he alleges that he is limited in the vendors through whom he may obtain property, that only affects him in obtaining property. It does not deprive him of any property interest. Thus, plaintiff does not state a RICO claim, and in any event has no standing to sue for a RICO violation.

Plaintiff also alleges that some unidentified persons in "Receiving and Release" at R. J. Donovan Correctional Facility retained possession of his personal property, including his typewriter, when plaintiff was transferred to the California Medical Facility. Am. Compl., at 4. Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To state a claim for retaliation, plaintiff must allege that on a specified date an individual state actor took adverse action against plaintiff for his engagement in a constitutionally protected activity and the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Plaintiff does not identify by the person who retained the typewriter. Nor does he allege that there was no legitimate penological interest for doing so. *See* California Department of Corrections and Rehabilitation, Departmental Operations Manual, § 54030.13.1 (explaining procedures for retaining property that a prisoner cannot take upon transfer from one prison to another).

Plaintiff attempts to make out a claim under the Eighth Amendment. He alleges that as a result of the restrictions on vendors from whom he may obtain packages he has lost 15 pounds, presumably because he has not received the food his friends and family once sent to him. To state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was deliberately

3

indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). There is no question that under these standards, plaintiff is entitled to adequate nutrition. *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (Adequate food is a basic human need protected by the Eighth Amendment.). Prisoners, however, are not dependent upon outside sources for their basic daily nutritional needs. The prison provides for that. Plaintiff does not allege that this regulation in any way interfered with his receipt of daily meals and/or any supplements that are medically necessary for him. The receipt of food items from outside the prison is a privilege; it is not a right protected by the Eighth Amendment. Thus, these allegations fail to state a claim for relief.

Finally, plaintiff's claims that the promulgation of the regulation violated California's Administrative Procedures Act and the Cartwright Act are matters of state law which are not cognizable under 42 U.S.C. § 1983. The court cannot entertain them and they must be dismissed.

For all these reasons, the court finds that this action must be dismissed for plaintiff's failure to state a claim upon which relief can be granted.

Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 15 days after being served with these findings and recommendations, any party may file written objections

1 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
2 to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
3 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
4 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
5 Dated:  October 28, 2008.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE